**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1783
_____

IN RE: LAVOND HILL, Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court
for the Western District of Pennsylvania
(Related to D.C. No. 3:21-cv-00008)
District Judge: Honorable Stephanie L. Haines

_____

Submitted Pursuant to Fed. R. App. P. 21
on June 24, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: September 7, 2021)

_____

_____

OPINION[*]

_____

PER CURIAM

Lavond Hill is a Pennsylvania inmate currently confined at SCI Houtzdale. Hill filed a civil rights action in the District Court claiming that he has suffered retaliation for filing Hill v. Wetzel, D.C. No. 2:19-cv-960 (W.D. Pa.), and that he has otherwise been mistreated by corrections officers.

Between January and April 2021, Hill filed two motions for injunctive relief, along with several supporting documents. None of the defendants named in Hill's complaint has appeared in the case, and the District Court has not yet ruled on Hill's motions or set a schedule for their disposition.

Around one month after Hill filed the second of his two motions for injunctive relief, he filed in this Court a petition for a writ of mandamus. Hill seeks an order compelling the District Court to act on his pending motions. See Doc. 1-1 at 4.

Issuance of a writ of mandamus may be warranted where delay by the District Court in adjudicating an application for relief is so protracted as to amount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). No such delay exists at this time.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

That said, our observation in a prior mandamus proceeding initiated by Hill bears repeating: Applications for "immediate injunctive relief … generally require prompt attention." In re Hill, 795 F. App'x 146, 149 (3d Cir. 2020) (per curiam) (citing Rolo v. Gen. Dev. Corp., 949 F.2d 695, 703 (3d Cir. 1991)). Accordingly, Hill's mandamus petition is denied, but without prejudice to his filing another such petition if the District Court does not take any meaningful steps in furtherance of adjudicating Hill's motions (DC ECF Nos. 6 and 8) within thirty days of issuance of this opinion (and accompanying order).